**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DWIGHT T. BULEY,  #337304,

        Petitioner,

                                      Case Number 08-13688-BC

v.                                     Honorable Thomas L. Ludington

THOMAS BELL,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL

On August 26, 2008, Petitioner Dwight Buley filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Dkt. # 1].  Petitioner challenges his conviction by an Oakland County, Michigan jury trial for three counts of first-degree criminal sexual conduct under Mich. Comp. Laws § 750.520b(1)(a) & (b); and one count of second-degree criminal sexual conduct under Mich. Comp. Laws § 750.520c(1)(b).  He was sentenced as an habitual offender, second offense, Mich. Comp. Laws § 769.10,  to twenty-five to fifty years imprisonment for each first-degree criminal sexual conduct conviction, and fifteen to twenty-two-and- one-half years imprisonment for the second-degree criminal sexual conduct conviction.  Petitioner is presently confined at Gus Harrison Correctional Facility in Adrian, Michigan.  Now before the Court is Petitioner's motion to appoint counsel [Dkt. # 18].  Petitioner presents four main arguments to support his request: (1) the issues are substantial and complex; (2) the interests of justice require the appointment of counsel; (3) Petitioner is indigent; and (4) appointment of counsel is necessary for setting hearing dates, requesting documents and court records, and for oral argument.

At this point, the interests of justice do not require appointment of counsel for Petitioner.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).

In the present case, Petitioner's four claims are not likely to succeed even if the Court appointed counsel. As an initial matter, Petitioner's first claim does not raise a substantive argument, but rather is a recitation of the standard of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner's second argument regarding the inadmissibility of hearsay testimony appears to be procedurally defaulted, and also raises a state claim which does not appear to be cognizable on habeas review. Petitioner's has not shown good cause for his third claim—that his right to confrontation and to present a defense were violated due to the trial court's failure to grant an adjournment of trial so that defense counsel could prepare an expert witness. Moreover, the fact that the request for adjournment was made on the day of trial does not bode well for its success. Trial courts have broad discretion in trial scheduling and whether to grant continuances. *See Morris v. Slappy*, 461 U.S. 1, 11–12 (1983); *Ungar v. Sarafite,* 376 U.S. 575,

2

589 (1964).  Particularly when the request is untimely.  Untimeliness has been found when such motions were made the day before trial, *United States v. Jennings,* 83 F.3d 145, 148 (6th Cir. 1996), and as far out as two weeks before trial, *United States v. Williams,* 176 F.3d 301, 314 (6th Cir. 1999).

Finally, with respect to Petitioner's claim of ineffectiveness of trial counsel, it is unlikely that Petitioner will be able to meet the *Strickland v. Washington*, 466 U.S. 668 (1984), standard, which requires him to demonstrate that his attorney's representation fell below an objective standard of reasonableness.

Given the tenuousness of Petitioner's claims, the appointment of counsel is not warranted at this time.  Furthermore, until the Court completely reviews the pleadings and the Rule 5 materials filed in this case, the Court is unable to determine whether an evidentiary hearing is necessary or required.  Thus, the Court will deny Petitioner's motion for appointment of counsel because the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).  However, the Court will deny the motion without prejudice and is willing to reconsider the motion if, following complete review of the responsive pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

Accordingly, it is **ORDERED** that Petitioner's motion to appoint counsel [Dkt. # 18] is **DENIED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 17, 2009

3

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS