**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

DWIGHT T. BULEY,

    Petitioner,                                      Case No. 08-13688-BC

v.                                                     Honorable Thomas L. Ludington

THOMAS K. BELL,

    Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO FILE "PROTECTIVE" PETITION, HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Dwight T. Buley, presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 26, 2008. Petitioner was convicted by a jury in the Oakland County Circuit Court of three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. Petitioner has now filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in state court to raise additional claims that are not included in the current petition. For the reasons stated below, the motion will be granted and the petitioner held in abeyance. The proceedings will be stayed to permit Petitioner to return to the state court to exhaust his additional claims. The case will be administratively closed.

**I**

Petitioner was convicted by a jury in the Oakland County Circuit Court on May 5, 2006. Petitioner's conviction was affirmed on appeal. *People v. Buley*, No. 271801 (Mich. Ct. App. Dec. 11, 2007); 480 Mich. 1189 (2008); *reconsideration denied*, 482 Mich. 899 (2008).

On August 26, 2008, Petitioner filed an application for habeas relief with this Court, in which

he seeks relief on the three claims that he raised in his direct appeal with the Michigan courts.[1] Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the Oakland County Circuit Court to present new claims in a post-conviction motion for relief from judgment.

## II

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). "Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims." *See Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *Tran v. Bell*, 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998)).

The Court will grant Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might foreclose consideration of the Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on August 26, 2008, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). That is exactly what Petitioner has done here. [Dkt. # 20]. A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009). Further, Petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.*, at 419, nn. 4, 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.*, at 781 (quotation omitted).

**III**

Accordingly, it is **ORDERED** that Petitioner's motion to file "protective" petition [Dkt. # 20] is **GRANTED**.

It is further **ORDERED** that Petitioner may file a motion for relief from judgment with the state court no later than **October 1, 2010**. If Petitioner does not file a motion for relief from judgment with the state court by that date, the Court will dismiss the present petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending Petitioner's exhaustion of the claims. The Petitioner shall re-file his habeas petition within sixty days after the conclusion of the state court post-conviction proceedings. Petitioner may file an amended habeas petition which contains any newly exhausted claims.

If, and when, Petitioner returns to federal court following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

To avoid administrative difficulties, the Court **ORDERS** that the Clerk is directed to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: July 19, 2010

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2010.
>
>                       s/Tracy A. Jacobs
>                       TRACY A. JACOBS