UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWIGHT T. BULEY,

        Petitioner,                      Case No. 08-cv-13688

v                                              Honorable Thomas L. Ludington

JEFFREY WOODS,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY**

Petitioner Dwight T. Buley presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 22, 2013, Petitioner filed a motion seeking discovery, which he alleges is necessary to show that he received ineffective assistance from counsel. For the reasons that follow, the motion is denied without prejudice.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "may, for good cause, authorize a party to conduct discovery . . . ." Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts that will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the moving party—here, Petitioner—to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

- 2 -

Until this Court reviews the petition for writ of habeas corpus, Respondent's answer to the habeas petition, and Petitioner's reply brief, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); s*ee also Shaw v. White*, 2007 WL 2752372, *3 (E.D. Mich. Sept. 21, 2007). In addition, the Court has not yet reviewed the Rule 5 materials, and review of those materials may obviate the need to order discovery. *See Shaw*, 2007 WL 2752372, at *3. Granting Petitioner's discovery request at this time would be premature. Therefore, the motion for discovery will be denied without prejudice.

Accordingly, it is **ORDERED** that Petitioner's Motion for Discovery (ECF No. 34) is **DENIED WITHOUT PREJUDICE**.

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: February 28, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on Dwight T. Buley #337304, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 first class U.S. mail on February 28, 2014.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS